IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

_____

| | | |
|---|---|---|
| EARL E. BRAMHALL, | ) | **ORDER TO AMEND DEFICIENT** |
| | ) | **COMPLAINT & MEMORANDUM** |
| Plaintiff, | ) | **DECISION** |
| | ) | |
| v. | ) | Case No. 2:12-CV-607 TS |
| | ) | |
| JAMES M. WINDER et al., | ) | District Judge Ted Stewart |
| | ) | |
| Defendants. | ) | |

_____

Plaintiff, inmate Earl E. Bramhall, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2012), *in forma pauperis*, *see* 28 id. § 1915.  The Court now screens the complaint and orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing his claims.

### Deficiencies in Complaint

Complaint:

(a)  does not name all defendants in the caption.

(b)  improperly brings claims against Sheriff James Winder under a respondeat-superior theory.

(c)  does not state a proper legal-access claim (see below).

(d)  alleges claims that are possibly invalidated by the rule in *Heck* (see below).

(e)  possibly alleges claims that concern the constitutionality of his conviction and/or validity of his imprisonment, which should be brought in a habeas-corpus petition, not a civil-rights complaint.

(f)  has claims appearing to be based on conditions of current confinement; however, the complaints were apparently not submitted using the legal help Plaintiff is entitled to by his institution under the Constitution.  *See Lewis v. Casey*,

518 U.S. 343, 356 (1996) (requiring prisoners be given
"'*adequate* law libraries or *adequate* assistance from persons
trained in the law' . . . to ensure that inmates . . . have
a reasonably adequate opportunity to file nonfrivolous legal
claims challenging their convictions or conditions of
confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828
(1977) (emphasis added)).

### Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a
complaint to contain "(1) a short and plain statement of the
grounds for the court's jurisdiction . . .; (2) a short and plain
statement of the claim showing that the pleader is entitled to
relief; and (3) a demand for the relief sought."  Rule 8's
requirements mean to guarantee "that defendants enjoy fair notice
of what the claims against them are and the grounds upon which
they rest."  *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp.
1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these
minimal pleading demands.  "This is so because a pro se plaintiff
requires no special legal training to recount the facts
surrounding his alleged injury, and he must provide such facts if
the court is to determine whether he makes out a claim on which
relief can be granted."  *Hall v. Bellmon*, 935 F.2d 1106, 1110
(10th Cir. 1991).  Moreover, it is improper for the Court "to
assume the role of advocate for a pro se litigant."  *Id.*  Thus,
the Court cannot "supply additional facts, [or] construct a legal

2

theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint.  First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint.  *See Murray v. Archambo,* 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights.  *See Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"  *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position.  *See Mitchell v. Maynard,* 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Fourth, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

Fifth, the Court notes that one of Plaintiff's claims involves legal access.  As Plaintiff fashions his amended complaint, he should therefore keep in mind that it is well-recognized that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980).  In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court expounded on the obligation to provide access to the Courts by stating "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or adequate assistance from persons trained in the law*." *Id.* at 828 (footnote omitted & emphasis added).

However, to successfully assert a constitutional claim for denial of access to the courts, a plaintiff must allege *not only* the inadequacy of the library or legal assistance furnished *but*

4

also "*that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim*." *Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995).  In other words, a plaintiff must show "that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).  Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement." *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

Finally, the Court concludes that Plaintiff's claims appear to involve some allegations that if true may invalidate his conviction and/or sentencing.  "In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, No. 08-4158, 2009 U.S. App. LEXIS 4302, at *4 (10th Cir. Mar. 5, 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).  *Heck* prevents litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements

5

for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279
(10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil
tort actions are not appropriate vehicles for challenging the
validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that Defendants violated his constitutional
rights in a way that may attack Petitioner's very imprisonment.
*Heck* requires that, when a plaintiff requests damages in a § 1983
suit, this Court must decide whether judgment in the plaintiff's
favor would unavoidably imply that the conviction or sentence is
invalid. *Id.* at 487. Here, it appears it would regarding some
claims. If this Court were to conclude that Plaintiff's
constitutional rights regarding illegal incarceration were
violated in a prejudicial manner, it would be stating that
Plaintiff's conviction and/or sentence were not valid. Thus, the
involved claims "must be dismissed unless the plaintiff can
demonstrate that the conviction or sentence has already been
invalidated." *Id.* This has not happened and may result in
dismissal of such claims.

**ORDER**

IT IS HEREBY ORDERED:

(1) Plaintiff must within thirty days cure the deficiencies
noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

DATED this 21st day of August, 2012.

BY THE COURT:

_____
CHIEF JUDGE TED STEWART
United States District Court